UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OLUSEYI A. KUFORIJI, A79-120-796,

                        Petitioner,

                -v-                                              12-CV-1176-JTC

TODD TRYON, Assistant Field Office
Director,

                        Respondents.

_____

## INTRODUCTION

Petitioner Oluseyi A. Kuforiji, an alien currently detained in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS"), at the Buffalo Federal Detention Facility in Batavia, New York, pending the execution of a final immigration order of removal issued against him, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from detention. Item 1. As directed by this court's order entered January 18, 2013 (Item 6), respondent has submitted an answer and return (Item 10), along with an accompanying memorandum of law (Item 11), in opposition to the petition, and petitioner has submitted a response (Item 16).

For the reasons that follow, the petition is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of Nigeria, was 15 years old when he entered the United States at JFK Airport in New York City on or about December 1, 2001. *See* Item

10-2 (Exh. A, attached to Declaration of DHS Deportation Officer Juanita Payan, Item 10-1), pp. 1, 15, 19.  He was arrested upon entry on charges of smuggling drugs, and was placed in the custody of New York City Child Services at a juvenile group home in Canaan, New York.  *Id*. at 26.

According to DHS records, petitioner has been convicted of several criminal offenses during his time in the United States, including the following:

a.  On or about April 14, 2005, petitioner was convicted in Canaan Town Court of Assault in the 3rd Degree.

b.  On or about August 28, 2006, petitioner was convicted in Colonie New York, Town Court of Driving While Ability Impaired by the Consumption of Alcohol.

c.  On or about February 22, 2008, petitioner was convicted in Albany, New York,  County Court of Attempted Unlawful Imprisonment in the 2nd Degree. He was sentenced to 60 days imprisonment.

d.  On or about September 18, 2008, petitioner was convicted in Albany, New York,  City Court of Criminal Possession of a Forged Instrument in the 1st Degree.  He was sentenced to a term of imprisonment of 3 to 9 years.

e.  On or about December 6, 2010, petitioner was convicted in Albany City Court of Driving While Intoxicated.

Item 10-1, ¶ 6.

Removal proceedings against petitioner commenced in November 2004, following his arrest on an assault charge, by service of a DHS Form I-862 Notice to Appear ("NTA") for a hearing before an immigration judge.  Item 10-2, pp. 31-33.  The NTA charged petitioner with being subject to removal from the United States pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) (8 U.S.C. § 1182(a)(7)(A)(i)(I)) as an immigrant who, at the time of application for admission, was not in possession of a  valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry

document.  *Id.* at 33.  Proceedings on the charge in this NTA were terminated by order of Immigration Judge ("IJ") John B. Reid, dated January 29, 2007.  *Id*. at 29.

According to the records of the New York State Department of Corrections and Community Services ("DOCCS"), petitioner was released on parole from DOCCS' custody in December 2010 following service of his term of imprisonment on the September 2008 conviction for possession of a forged instrument, and he regularly reported to a New York State Parole officer in Albany, New York.  *See* Item 10-1, ¶¶ 12-13; Item 10-1, p. 26.

On January 4, 2012, DHS issued a Form I-213 Record of Deportable/Inadmissible Alien identifying petitioner as amenable to expedited administrative removal proceedings under INA § 238, based on his conviction of an aggravated felony and overstay of his nonimmigrant visa. Item 10-1, ¶ 13; Item 10-2, pp. 25-27.  On June 6, 2012, while present at a New York State Parole office in Albany, petitioner was served with a Form I-851 Notice of Intent to Issue a Final Administrative Removal Order, dated May 22, 2012, which charged him with being removable from the United States pursuant to INA § 237(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony (as defined in INA § 101(a)(43)(R)("an offense relating to … forgery … for which the term of imprisonment is at least one year")).  Item 10-2, pp. 2-3.  Petitioner was taken into DHS custody that day and transported to the Buffalo Federal Detention Facility, where he remains detained pending removal.  Item 10-1, ¶ 14.

On June 11, 2012, DHS Field Office Director Michael T. Phillips issued a Final Administrative Removal Order against petitioner finding him deportable as charged.  Item 10-2, p. 4.  Petitioner's application for a temporary stay of removal was granted for a period

not to exceed December 25, 2012, and his case was referred to an immigration judge for "withholding only proceedings." *Id.* at 14, 20.

On October 22, 2012, IJ Reid denied petitioner's requests for withholding or deferral of removal (*id.* at 8), and petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Item 5-1, ¶ 19. The administrative order became the final order of removal on March 7, 2013, upon the BIA's issuance of its written decision dismissing petitioner's appeal. Item 5-2, pp. 12-13. On March 25, 2013, petitioner filed with the United States Court of Appeals for the Second Circuit a petition for review of the BIA's decision. Item 17, pp. 16-17.

Meanwhile, on November 27, 2012, petitioner filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on the ground that his continued, indefinite detention in DHS custody since June 6, 2012, violates his substantive and procedural due process rights.[1] *See* Item 1. Upon full consideration of the matters set forth in the submissions on file, and for the reasons that follow, the petition is denied.

## DISCUSSION

Petitioner challenges his detention in the custody of DHS pending removal by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir.

---

[1]The petition does not challenge the constitutionality of the expedited administrative removal process employed by DHS in this case. *See* 8 U.S.C. § 1228(b)(4) (setting forth minimum due process requirements for administrative removal); *see also United States v. Brown*, 127 F. Supp. 2d 392, 401 (W.D.N.Y. 2000) ("This scheme for expedited statutory deportation has been held to comport with the minimum due process requirement as defined by the Supreme Court ....") (citing *Kwong Hai Chew v. Colding*, 344 U.S. 590, 597-98 (1953)).

2003) (quoting 28 U.S.C. § 2241(c)(3)).   Matters pertaining to the detention of aliens pending the completion of immigration removal proceedings, and pending removal following the entry of a final order of removal, are governed by two separate provisions of the INA–respectively, INA § 236, which authorizes the arrest and detention of an alien on warrant pending a decision on whether the alien is to be removed from the United States, and INA § 241, which authorizes detention of aliens after the issuance of a final removal order.

INA § 236 provides, in pertinent parts, as follows:

(a) Arrest, detention, and release.

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . Except as provided in subsection(c). . . and pending such decision, the Attorney General–
>
> (1)     may continue to detain the arrested alien; and
> (2)     may release the alien on–
>         (A)   bond of at least $1,500 with security approved by, and containing conditions prescribed by the Attorney General; or
>         (B)  conditional parole. . . .

(c) Detention of criminal aliens.

> The Attorney General shall take into custody any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>  …
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(a)(1)-(2) and(c)(1)(B).

At the time petitioner filed this action in November 2012, he was detained under the authority of INA § 236(c), which requires detention of "criminal aliens" pending a determination of the alien's removability based upon a conviction of an aggravated felony. The Supreme Court has held that mandatory detention of criminal aliens pursuant to Section 1226(c) during the period prior to the pre-final order of removal without an individualized hearing is constitutionally permissible as part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see Persaud v. Holder*, 2011 WL 5326465, at *2 (W.D.N.Y. Nov. 3, 2011) (detention pursuant to INA § 236(c) during period prior to pre-final order of removal did not violate due process; citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Gomez v. Napolitano*, 2011 WL 2224768, at *3 (S.D.N.Y. May 31, 2011) ("Permitting certain individuals to avoid mandatory detention simply because ICE fails to immediately take them into immigration custody runs counter to … congressional intent" underlying enactment of mandatory detention provision of § 236(c)).

Petitioner's mandatory detention pursuant to INA § 236(c) continued until March 7, 2013, when the BIA dismissed petitioner's appeal from the IJ's October 2012 order denying the request for withholding or deferral of removal.  See 8 C.F.R. § 1241.1(b) (order of removal becomes final upon dismissal of appeal by the BIA).  Thereafter, petitioner's detention has been governed by INA § 241(a), which requires DHS to accomplish an alien's removal from the United States within a period of ninety days (the "removal period"), commencing on the latest of the following dates:

> (i)     The date the order of removal becomes administratively final.

(ii)     If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)     If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Detention during the ninety-day post-final-removal order period is likewise mandatory.  *See* INA § 241(a)(2) ("During the removal period, the Attorney General *shall* detain the alien.").  The statute also authorizes DHS to continue detention of aliens (like petitioner) found removable based on a conviction for an aggravated felony beyond the expiration of the ninety-day removal period.  INA § 241(a)(6).[2]

Because petitioner is an alien convicted of an aggravated felony his detention is statutorily mandated for a ninety-day period by INA § 241(a)(1)(B).  That period, which commenced on March 7, 2013, will not expire until June 5, 2013.

Furthermore, under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner's post-final-removal order detention is presumed to be reasonable for six months, thereby providing DHS with a reasonable opportunity to accomplish his removal from the United States.  *See Zadvydas*, 533 U.S. at 699-700 (the court must ask

---

[2]INA § 241(a)(6) provides in full as follows:

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2),or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

whether the detention exceeds a period reasonably necessary to secure removal).  This "presumptively reasonable" period would not expire until September 2013.

For these reasons, the court finds that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is premature, and must be denied.[3]

## CONCLUSION

For the foregoing reasons, the petition is denied, and the case is dismissed.  This dismissal is without prejudice to file another petition should it subsequently appear that the "presumptively reasonable" period of post-removal-order detention has elapsed, and that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); s*ee Andreenko v. Holder*, 2012 WL 4210286, at *5 (W.D.N.Y. Sept. 18, 2012).

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

---

[3]As indicated above, petitioner has submitted for the record a copy of his petition for circuit court review of the BIA's March 7, 2013 decision, signed and notarized (and presumably, filed) on March 25, 2013.  This court's search of the Second Circuit's Public Access to Court Electronic Records (PACER) website, http://pacer.ca2.uscourts.gov, found no record of such filing as of the date of entry of this order. Assuming as true petitioner's assertion that his petition for review has been filed with the Second Circuit, such filing would trigger the application of a "forbearance policy" recognized by agreement between DHS and the Second Circuit under which DHS has agreed not to effectuate the removal of an alien while he or she has a petition for review pending before the circuit court.  *See, e.g., Persaud v. Holder*, 2011 WL 5326465, at *1 (W.D.N.Y. Nov. 3, 2011) (filing of petition for circuit court review of final order of removal along with motion for stay of removal triggers "forbearance policy"); *Luna-Aponte v. Holder*, 743 F. Supp. 2d 189, 197 (W.D.N.Y. 2010) (forbearance policy is "the equivalent of a court-ordered stay of removal") .

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: May 15,  2013
p:\pending\2012\12-1176.2241.may9.2013